IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| San Jose Entm't Grp., Inc., | NO. C 11-00207 JW |
| Plaintiff, | **ORDER DENYING PRELIMINARY INJUNCTION** |
| v. | |
| The City of San Jose, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. (hereafter, "Motion," Docket Item No. 5.) The Court conducted a hearing on February 14, 2011. Counsel for the respective parties were present.

A preliminary injunction is a provisional remedy, the purpose of which is to preserve the status quo and to prevent irreparable loss of rights prior to final disposition of the litigation. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). It is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 375-76 (2008). "[P]reliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

**A.     Licensing Provision and Zoning Ordinance**

The City of San Jose requires a permit from the Chief of Police before a "public entertainment business" may provide "public entertainment" as follows:

San Jose City Ordinance 6.60.40 provides:

Public entertainment business permit required

> It shall be unlawful for a person to maintain, manage, operate, conduct, control or own a public entertainment business unless the public entertainment business is maintained and operated in strict compliance with a valid public entertainment permit.

San Jose City Ordinance 6.60.028 provides:

"Public Entertainment" means any of the following activities:

(1) Dancing;
(2) Singing;
(3) Audience participation in the entertainment; or
(4) Live entertainment.

San Jose City Ordinance 6.60.030 provides:

(A) "Public Entertainment Business" means a business open to the public where alcohol is sold on the premises, the premises has a maximum occupant load that exceeded one-hundred (100) persons . . . and where one or more public entertainment activities are also provided or allowed.
(B) "Public entertainment" shall not include taverns, bars, lounges, cocktail lounges and other drinking establishments where electronically reproduced music emanating from a loudspeaker system is provided for the listening pleasure of patrons, so long as no other public entertainment is provided or allowed.

Here, Plaintiff seeks to enjoin Defendant City of San Jose from enforcing its allegedly unconstitutional zoning restriction and ordinances requiring licensing and permits in order to hold public entertainment in any establishment that also sells alcohol and zoning restrictions. (Motion at 1.) The Court considers whether Plaintiff has established the combination of probable success on the merits and the possibility of irreparable harm required to support its request for a broad injunction against Defendant City of San Jose.

**B.     Probable Success on the Merits**

First, although Plaintiff alleges that the challenged city ordinances operate as unconstitutional prior restraints, prior restraints are not *per se* unconstitutional.  FW/PBS, Inc. v.

2

1  City of Dallas, 493 U.S. 215, 225 (1990).  State statutes rising to the level of a prior restraint may be
2  held constitutional should they comport with certain procedural safeguards, including specific
3  guidelines for the grant or denial of a license and a reasonable deadline for determinations.  Id. at
4  225-26.  The Court finds that Plaintiff does not sufficiently establish that the challenged ordinances
5  fail to comport with the required procedural guidelines.

## C. **Irreparable Harm**

Second, while Plaintiff contends the likelihood of irreparable harm exists in two forms: (1) the inability to hold an event in honor of Black History Month at the Cuetopia establishment; and (2) the frustration of efforts to purchase an, as of yet unnamed, entertainment establishment in downtown San Jose; the Court finds Plaintiff's allegations insufficient to establish irreparable harm. A First Amendment challenge is unique in the fact that a plaintiff may bring a challenge to a statute without first subjecting themselves to enforcement of that statute.  Arizona Right to Life Political Action Committee v. Bayless, 320 F.3d 1002, 1006 (9th Cir. 2003).  Such a "pre-enforcement plaintiff," to maintain standing, must contend that it has suffered an "injury-in-fact" or "a realistic danger of sustaining a direct injury as a result of the statute's enforcement."  Babbit v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979).  This injury must be credible and not "imaginary or speculative."  Id.

Here, Plaintiff contends that irreparable harm would ensue from the enforcement of the challenged ordinance in that it would be unable to hold an event celebrating Black History Month with a karaoke party at the Cuetopia establishment, which does not possess the required license. (Motion at 27-28.)  As Cuetopia is not a plaintiff in this action and would be the party against which the ordinance is enforced, the Court finds that these allegations are insufficient to support standing for Plaintiff.  Second, Plaintiff contends its efforts at potentially purchasing an establishment in downtown San Jose[1] will be frustrated by the ordinance and, as consequence, it will have to locate

---

[1] Additionally, Plaintiff contends in its Reply that the establishment it intends to purchase is the WET Nightclub, which is the subject of litigation and a potential injunction in state court.  (See Docket Item No. 11.)  Counsel in this case also represents WET Investments, Inc. and has previously

3

an establishment in another city. (Motion at 28.) However, the Court finds these contentions insufficient to support a finding of irreparable harm against Plaintiff in the absence of a preliminary injunction. Plaintiff fails to explain why a delay in the purchase of the establishment will force Plaintiff to forgo its purchase entirely. Further, while the delayed purchase of an entertainment establishment could constitute an injury to Plaintiff, it is unclear how such a purchase could constitute protected speech for purposes of the First Amendment. Thus, the Court finds that a preliminary injunction, as an extraordinary remedy, is not appropriate in this case.

Accordingly, the Court DENIES Plaintiff's Motion for a Preliminary Injunction. In light of this Order, the Court invites Defendant to file a Motion to Dismiss and sets the hearing for the anticipated Motion on **April 11, 2011 at 9 a.m.** Defendant shall notice its Motion in accordance with the Civil Local Rules of Court.

Dated: February 16, 2011

JAMES WARE
United States District Chief Judge

---

brought an action for an injunction against this ordinance, C 09-04631 JW, which the Court denied on Younger abstention grounds. (See Docket Item No. 9.) Should this Court find subject matter jurisdiction in the present case, it would again be faced with the threshold issue of whether to abstain from exercising that subject matter jurisdiction pursuant to Younger. 407 U.S. 37 (1971).

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

George Warren Mull george@georgemull.com
Michael J. Dodson cao.main@sanjoseca.gov

**Dated: February 16, 2011**                           **Richard W. Wieking, Clerk**

                                                **By:      /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California